Wright, J.
This is an action in negligence to recover for personal injuries sustained by the plaintiff in a fall in a parking lot owned at the time by defendant John Cappuccio (“the defendant”). Summary judgment was entered for the defendant, and the plaintiff has appealed pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C.
Viewing the Mass. R. Civ. P., Rule 56, materials in the light most favorable to the plaintiff, Miller v. Mooney, 431 Mass. 57, 60 (2000); Curly Customs, Inc. v. Bank of Boston, 49 Mass. App. Ct. 197, 198 (2000), it appears that the plaintiffs mishap occurred after 11:00 P.M. on January 14,1997. The plaintiff had just completed her work shift at Caldor’s department store and was walking on Highland Street in Salem toward a bus stop. It was snowing, and the plaintiff noticed that the ground was fully blanketed with freshly fallen snow. Because the sidewalks were snow-covered, the plaintiff elected to walk in the street, at least until she reached the intersection of Marlboro Road and Highland Street. To avoid the traffic at that corner, the plaintiff left the street, entered the driveway to 274-276 Highland Street and cut across the outside edge of the dark, deserted parking lot. The lot was also covered with fresh snow. The plaintiff walked inside a guardrail and under an arched configuration of two poles or pylons which had large retail store signs attached to them. As she did so, the plaintiff slipped and fell, injuring her right knee. When she stood up, she noticed a large plastic sign on the ground, partially covered with snow, which had apparently fallen from the sign posts or pylons above her. The plastic sign measured 4’ x 12’ and read: “Highland Sales — Appliance Specialists.” The sign was neither dirty, torn nor damaged in any fashion.
Highland Sales was an existing tenant and its signs were already in place when the defendant purchased 274-276 Highland Street in 1991. The property consisted of a single, one-story, L-shaped building fronted by the parking lot in question. At one time, the retail space was divided in the front between Highland Sales, and the defendant’s family liquor store, Mill Hill Liquors, which was managed by his daughter. A third tenant occupied space in the rear of the building. The defendant testified in deposition that the tenants’ leases obligated them, inter alia, to maintain their signs in “good repair, order and condition,” and to notify the defendant of any need for repair. However, Mill Hill Liquors ceased operations in October, 1996, three months prior to the plaintiffs accident. Highland Sales vacated the premises in November, 1996, prior to the expiration of its lease, in anticipation of the sale of the property to the Salvation Army. The defendant testified that as the owner and manager of the property, he routinely inspected it at least every three to four weeks. Further, by the time the tenants had moved, he was on the property at least two to three times a week while he was cleaning out the building.
*299 The signposts displayed signs for Highland Sales, the Lottery, Mill Hill Liquors and Family Kitchen Center (a unit of Highland Sales). Each sign consisted of two identical plastic panels, positioned back-to-back and apparently attached separately to opposite sides of the posts, with fluorescent light bulbs in between them. Three weeks before the plaintiffs accident, the defendant discovered one of the Highland Sales panels (the “first sign”) on the ground. There was no evidence as to what caused the first sign to fall. In response to a deposition question, the defendant testified only that “[o]ne panel had fallen off maybe three weeks earlier, wind blown.” The defendant stated that the second sign or panel upon which the plaintiff allegedly slipped three weeks later “looked perfectly all right” to the defendant at the time he removed the first sign from the area. The record is devoid of any evidence as to when or why the second Highland Sales sign fell from the signpost.
There was no error in the entry of summary judgment for the defendant.
1. We note initially that the trial court allowed the defendant’s Rule 56 motion on the ground that the plaintiff had failed to advance any evidence that the defendant was obligated to maintain the Highland Sales sign in good repair. See generally Leonardo v. Great Atlantic & Pacific Tea Co., 340 Mass. 450, 453 (1960). Undoubtedly, this ruling was based on undisputed evidence that the signs were in place before the defendant purchased the property and that Highland Sales was responsible under its lease to maintain its own signs. However, the defendant is still entitled to summary judgment even if it is assumed, for the purposes of Rule 56 review, that the defendant-landowner’s duty of ordinary care included the obligation to maintain signs still displayed in his parking lot after the departure of his tenants. An order for summary judgment which is legally correct and supported by undisputed, dispositive facts may be affirmed on any proper ground, even one that is different from that stated by the motion judge. Flynn v. Connors, 39 Mass. App. Ct. 365, 368 n.7 (1995), citing GTE Products Corp. v. Stewart, 421 Mass. 22, 36 (1995).
2. While a landowner has a general duty of ordinary care to keep his property in a reasonably safe condition under prevailing circumstances, he is “not obliged to supply a place of maximum safety.” Barry v. Beverly Enterprises-Mass., Inc., 418 Mass. 590, 593 (1994), quoting from Toubiana v. Priestly, 402 Mass. 84, 88 (1988). Therefore, to recover against the defendant in negligence for his breach of that duty, the plaintiff bore the burden of establishing that her injuries were proximately caused by a dangerous condition on the property which the defendant either created, had actual knowledge of, or should have become aware of and remedied in the exercise of reasonable care. Oliveri v. Massachusetts Bay Transp. Auth., 363 Mass. 165, 167 (1973); Sahagan v. Commonwealth, 25 Mass. App. Ct. 953 (1987). Hall v. Waltham Post No. 156, 1998 Mass. App. Div. 276, 277. There is no evidence in the record which suggests that the defendant directly placed the Highland Sales sign on the ground, or that he knew that it had fallen prior to the plaintiffs mishap. Nor did the plaintiff advance any facts from which it could be inferred that the sign was on the ground under the pylons for a sufficient length of time for the defendant to have discovered and removed it before she fell. See Briggs v. Taylor, 397 Mass. 1010, 1010-1011 (1986). The sign was not dirty or torn, or covered with any debris. The partial snow covering could only be viewed as a product of the ongoing storm.
The plaintiff does not, in fact, specifically argue that the defendant should have known that the sign was already on the ground. She instead contends that the defendant was negligent in not anticipating or assuming the moment the first sign fell that the second sign would automatically fall. The plaintiff bases this contention solely on the supposition that because the first sign had fallen three weeks earlier, an ordinarily prudent landowner would have been required to take some steps to insure that the second sign would not also fall. The plaintiff has not identi- *300 fled, or even suggested, what steps should have been taken by the defendant. More significantly, she has failed to set forth any specific facts showing a defect in the first or second sign or in the manner in which the signs were hung, any deterioration in the signposts or pylons to which they were attached, any degeneration of the nails, bolts or other hardware by which the signs were fastened, or any other evidence of any ldnd from which it could be reasonably inferred that a defect actually existed which could have been discovered and corrected by the defendant. Compare Woodman v. Shepard, 238 Mass. 196, 198-199 (1921) (evidence that sign fell because supporting irons had not been painted, as required, at one to two year intervals sufficient to prove owner’s negligence). Stated alternatively, the plaintiff failed to satisfy her Rule 56 burden of marshaling specific facts, see Pederson v. Time, Inc., 404 Mass. 14, 17 (1989); Commonwealth v. Two Parcels of Land, 48 Mass. App. Ct. 693, 696 (2000), to rebut the defendant’s testimony that the second sign was “perfectly all right” when examined only three weeks earlier.
Mistakenly relying instead on Tarara v. Dayton Hudson Corp., 36 Mass. App. Ct. 942 (1994), the plaintiff argues that the defendant’s lack of knowledge of a possible defect on his property “was not sufficient to demonstrate that there would be no genuine issue of material fact at trial and that the defendant would be entitled to judgment as a matter of law.” Id. at 943. Tarara is inapposite. The plaintiff in that case was injured when automatic doors in the defendant’s store closed on her. The plaintiffs summary judgment materials indicated that the doors closed because a defective control mechanism which regulated the safety beams failed, that a program of periodic inspection would have revealed the mechanism defect, and that the defendant had neither purchased the service or maintenance contract routinely purchased by other door owners, nor regularly inspected the doors. In contrast, no evidence has been advanced in this case of a defect in the signs or pylons or of the defendant’s failure to inspect the sign before the plaintiff’s accident.
Given the absence of any evidence to support any breach of duty by the defendant, an essential element of the plaintiffs negligence claim, summary judgment was properly entered for the defendant. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Judgment affirmed. Appeal dismissed.
So ordered.