SUSAN MULDOON vs. PLANNING BOARD OF MARBLEHEAD
& another.[1]

No. 07-P-1033.

Suffolk. May 7, 2008. - August 15, 2008.

Present: GRASSO, TRAINOR, & WOLOHOJIAN, JJ.

Zoning, Site plan approval, Setback, By-law, Conditions.

Discussion of site plan reviews by local planning boards. [373-374]
This court vacated the judgment of a Land Court judge annulling a setback
   condition that a town planning board (board) placed on its approval of the
   plaintiff's proposed reconstruction of her home, where the board was
   empowered to impose reasonable conditions in order to achieve the goals
   of the zoning bylaw, even where those conditions imposed dimensional
   requirements stricter than the minimum required by the zoning bylaw;
   further, this court remanded the matter for factual findings and determina-
   tion regarding the reasonableness of the setback condition in light of the
   standards set forth in the zoning by-law. [374-376]

CIVIL ACTION commenced in the Land Court Department on
July 6, 2005.

The case was heard by Karyn F. Scheier, J.

Kevin M. Dalton for the intervener.

Francis T. Mayo for the defendant.

Paul M. Lynch for the plaintiff.

GRASSO, J. The Marblehead zoning by-laws (by-laws) require
site plan review by the planning board (board) of certain con-
struction in the town's shoreline districts. As part of its site plan
review of Susan Muldoon's proposed reconstruction of her
single family home, the board conditioned approval of Mul-
doon's plan on her (1) using wood clapboard or shingle, rather
than brick, on the building exterior (the siding condition) and
(2) positioning the house thirty feet from the southwestern
boundary of the property rather than the 8.3 feet proposed and

---

[1]Timothy D. Havens, intervener, is an abutter.

otherwise permitted under the eight-foot minimum setback of the applicable dimensional by-law provision (the setback condition).[2] On Muldoon's appeal pursuant to G. L. c. 40A, § 17, see *Prudential Ins. Co. of Am.* v. *Board of Appeals of Westwood*, 23 Mass. App. Ct. 278, 279 (1986), a Land Court judge ruled that the setback condition was unreasonable and beyond the board's authority because it derogated from the uniformity requirement of G. L. c. 40A, § 4.[3] The judge annulled the board's decision and remanded the case for entry of a new decision deleting the setback condition.[4]

On appeal, the board and Timothy Havens, Muldoon's abutter, contend that the judge erred. We agree. The imposition, as a condition of site plan approval, of a setback condition that is more stringent than the minimum setback specified under the applicable zoning by-law is not thereby unreasonable as violative of the uniformity requirement of G. L. c. 40A, § 4. We reverse the judgment annulling the board's decision and remand for determination of the reasonableness of the setback condition under the site plan review criteria contained in the by-law. See *Prudential Ins. Co. of Am.* v. *Board of Appeals of Westwood*, 23 Mass. App. Ct. at 282 n.7 (judge determines legal validity of board's decision on facts found by her without being confined to evidence before the board).

1. *Site plan review.* Although not expressly provided by statute, site plan review is recognized as a permissible regulatory tool and a means for communities to control the aesthetics and environmental impacts of land use under their zoning by-law. See *Osberg* v. *Planning Bd. of Sturbridge*, 44 Mass. App. Ct. 56, 57 (1997). Site plan review has to do with the regulation of permitted uses, not their prohibition. See *id.* at 57-59. "[I]f the

---

[2]There is no dispute that Muldoon's use was permitted as of right in the shoreline general residence district and that the structure proposed by her complied with all of the minimum dimensional controls set forth in the by-law.

[3]General Laws c. 40A, § 4, as inserted by St. 1975, c. 808, § 3, provides in pertinent part: "Any zoning ordinance or by-law which divides cities and towns into districts shall be uniform within the district for each class or kind of structures or uses permitted."

[4]The judge also ruled that the siding condition imposed by the board was reasonable; Muldoon does not contest that ruling.

specific area and use criteria stated in the by-law [are] satisfied, the board [does] not have discretionary power to deny . . . [approval], but instead [is] limited to imposing reasonable terms and conditions on the proposed use." *Prudential Ins. Co. of Am.* v. *Board of Appeals of Westwood,* 23 Mass. App. Ct. at 281-282, quoting from *SCIT, Inc.,* v. *Planning Bd. of Braintree,* 19 Mass. App. Ct. 101, 105 n.12, 106 (1984). The board is forbidden from entertaining any "standard, criterion or consideration not permitted by the applicable statutes or by-laws." *Britton* v. *Zoning Bd. of Appeals of Gloucester,* 59 Mass. App. Ct. 68, 73 (2003). A zoning by-law may require site plan approval for uses that are otherwise permissible as of right, provided the site plan review provisions of the by-law (a) set forth proper standards for review; (b) do not authorize prohibition of the permitted use; and (c) provide for regulation of the permitted use through reasonable terms and conditions. See *Castle Hill Apartments Ltd. Partnership* v. *Planning Bd. of Holyoke,* 65 Mass. App. Ct. 840, 841 (2006) (board limited to imposing reasonable conditions on use).

2. *The criteria for site plan approval.* Here, the site plan approval criteria are set forth in Section 200-37 of the by-law.[5]

---

[5]Section 200-37(C) of the by-law provides in pertinent part:

"Standards for special permit for site plan approval. The Planning Board shall consider the following standards:

"(1) The general purpose and intent of this Bylaw.

". . .

"(3) The extent to which:

"(a) The architectural and design features are in harmony with the prevailing character and scale of buildings in the neighborhood and Town (such as but not limited to: building materials, screening, breaks in roof and wall lines, adequate light, air, circulation and separation between buildings).

". . .

"(e) The adverse effects on abutting lots, the immediate neighborhood and the Town of Marblehead are minimized including (such as but not limited to: conflicts between residential, commercial and industrial uses, obstructions of views, increases in use of Town services and impact on Town infrastructure)."

That section mandates that the board consider, among other things, the general purpose and intent of the by-law; the extent to which architectural and design features are in harmony with the prevailing character and scale of buildings in the neighborhood and town (including, without limitation, building materials, screening, breaks in roof and wall lines, adequate light, air, circulation, and separation between buildings); and the extent to which the adverse effects on abutting lots, the immediate neighborhood, and the town are minimized, including, but not limited to, obstructions of views. The site plan approval provision authorizes the board to "impose any conditions deemed necessary to achieve the purposes of [the by-law]."

In applying these criteria, the board imposed the setback condition based on its specific finding that Muldoon's lot is ninety-two feet in width, leaving adequate space to locate the building farther away from the southwestern boundary line in order to provide for "improved light, air[,] . . . circulation and separation" between Muldoon's and Haven's adjacent homes. On appeal, the judge did not assess the reasonableness of the condition on that ground because she concluded that the setback condition "cannot be found to be reasonable" because it derogates from the uniformity requirement of G. L. c. 40A, § 4. Relying on *Castle Hill Apartments Ltd. Partnership* v. *Planning Bd. of Holyoke, supra,* the judge ruled that the setback condition imposed a dimensional requirement that was not subject to alteration by the board, because "such matters were previously resolved in a legislative sense when the [town] enacted the [by-law]."

We disagree. That the by-law contains minimum dimensional requirements is not dispositive of whether, in accordance with site plan approval criteria set forth in the by-law, the board may impose reasonable conditions that result in stricter dimensional requirements than would otherwise be the case. In *Castle Hill, supra* at 847, we noted that density was not among the factors listed for the board to consider. Here, by contrast, the site plan provision of the by-law specifically directs the board to consider (1) whether the architectural and design features of the proposed structure are in harmony with the prevailing character and scale of buildings in the neighborhood and town and afford adequate light, air, circulation, and separation between buildings, and

(2) whether adverse effects on abutting lots, the neighborhood, and the town, including obstruction of views, are minimized. We construe the by-law provision as empowering the board to impose reasonable conditions on site plan approval in order to achieve those goals even where those conditions impose dimensional requirements stricter than the minimum required by the applicable zoning by-law. What conditions, if any, might be deemed reasonable or whether the problem is so intractable as to admit of no reasonable solution requires careful factual analysis. See *Prudential Ins. Co. of Am.* v. *Board of Appeals of Westwood*, 23 Mass. App. Ct. at 283 (judge examines the proposal to see if the problem is so intractable as to admit of no reasonable solution).

Because the judge ruled that *any* condition of site plan approval that increased the minimum dimensional requirements of the by-law was unreasonable, she did not make detailed factual findings addressing the board's contention that the setback condition was a reasonable means of assuring "adequate light, air, circulation, and separation" between Muldoon's and Haven's properties, and that Muldoon's placement of her home 8.3 feet from Haven's sideline would have the effect of needlessly obliterating a major portion of Haven's view and block an important source of Haven's light and air. Nor did she consider whether the setback condition was reasonable in light of the by-law's site plan approval criteria regarding the extent to which adverse effects on abutting lots, the neighborhood, and the town (including obstructions of views) are minimized.

Accordingly, we vacate the judgment annulling the setback condition and remand for factual findings and determination regarding the reasonableness of the setback condition in light of the standards set forth in the zoning by-law.

*So ordered.*