NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

14-P-1898                                          Appeals Court

GURU JIWAN SINGH KHALSA & another[1] vs.  SOVEREIGN BANK, N.A.


No. 14-P-1898.

Suffolk.     November 2, 2015. - January 11, 2016.

Present:  Milkey, Carhart, & Massing, JJ.


Mortgage, Foreclosure, Real estate.  Real Property, Mortgage.
    Negotiable Instruments, Note.  Agency, What constitutes.



     Civil action commenced in the Superior Court Department on January 8, 2013.

     The case was heard by Robert B. Gordon, J., on motions for summary judgment.


     James L. Rogal for the defendant.
     Leonard M. Singer for the plaintiffs.


     MASSING, J.  To effect a valid foreclosure sale, the

foreclosing mortgage holder must also hold the underlying note

or be acting on behalf of the note holder.  Eaton v. Federal

Natl. Mort. Assn., 462 Mass. 569, 571 (2012) (Eaton).  This

appeal requires us to consider how a mortgagee may show that it

_____

     [1] Gunbhushan Kaur.

is acting "as the authorized agent of the note holder," id. at 586, for summary judgment purposes.

On cross motions for summary judgment, a judge of the Superior Court judge entered a declaratory judgment in favor of the plaintiff borrowers, Khalsa and Kaur, and against the defendant mortgagee, Sovereign Bank, N.A. (Sovereign), declaring that the foreclosure sale of the plaintiffs' residence was void because Sovereign had failed to show that it was acting as the authorized agent of the note holder, Federal Home Loan Mortgage Corporation (Freddie Mac). Sovereign appeals. Because the summary judgment materials create a genuine issue of fact concerning Sovereign's authorization to foreclose on Freddie Mac's behalf, we vacate the judgment and remand the case for further proceedings.

Background. On April 2, 2008, the plaintiffs executed a promissory note payable to Sovereign in the original principal amount of $274,000 to finance the purchase of their home in Millis. To secure the note, the plaintiffs granted Sovereign a mortgage on the property. Shortly thereafter, Freddie Mac purchased the note from Sovereign, retaining Sovereign as servicer of the note and mortgage.

On April 22, 2011, Sovereign notified the plaintiffs that they were in default on their loan for nonpayment. Sovereign held a foreclosure sale on January 18, 2013. Although Sovereign

held itself out as the "Lender" in the default notice, the note had been indorsed in blank, and at the time of the sale, Freddie Mac had physical possession of the note.  See G. L. c. 106, § 3-205(b), inserted by St. 1998, c. 24, § 8 ("When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed").  Sovereign purchased the property at the foreclosure auction and sold its bid to Freddie Mac.

Meanwhile, the plaintiffs had filed a complaint in the Superior Court on January 8, 2013, seeking to enjoin the foreclosure sale and a declaration that Sovereign was not entitled to foreclose because, among other alleged deficiencies, "Sovereign Bank does not have authority from the holder of the mortgage note given by the plaintiffs."  After a hearing on the plaintiffs' application for a preliminary injunction on January 17, 2013, a judge denied relief, and the foreclosure sale went forward the following day.  On November 5, 2013, a different judge denied Sovereign's first motion for summary judgment.  Acting on subsequently-filed cross motions for summary judgment, on September 9, 2014, a third judge allowed the plaintiffs' motion, denied Sovereign's motion, and declared the foreclosure void.

Evidence of Sovereign's authority to foreclose.  The only contested issue in this case is whether Sovereign, which was the

holder of the mortgage but not the note, acted with Freddie Mac's authority to conduct the foreclosure sale. On this point, in connection with its first motion for summary judgment, Sovereign submitted the affidavit of Alan L. Norris, a default operations analyst at Sovereign.[2] Based on his review of Sovereign's file concerning the plaintiffs' mortgage, Norris stated "to the best of [his] knowledge and belief" that Freddie Mac purchased the plaintiffs' loan on May 13, 2008, "with Sovereign retaining the servicing of the Loan." He added, "Sovereign is the mortgagee of record, the servicer of the Loan, and the holder of the Note."[3] He asserted in his affidavit that "[t]he relationship between Freddie Mac and the Seller/Servicers of its loans is governed by the Freddie Mac Single Family Seller/Servicer Guide . . ." (guide).[4] He further stated,

_____

[2] The Norris affidavit, dated January 17, 2013, was the same document that Sovereign had filed in its successful opposition to the plaintiffs' application to preliminarily enjoin the foreclosure sale.

[3] Norris's representation that Sovereign was the holder of the note was incorrect. The judge who denied the plaintiffs' motion for a preliminary injunction relied in part on this statement in allowing the foreclosure to proceed. Sovereign later contradicted Norris's representation with its admission that Freddie Mac, not Sovereign, had physical possession of the note at the time of the sale.

[4] The affidavit included a reference to a Web site address for the Seller/Servicer Guide that is no longer valid. The judge who denied Sovereign's first motion for summary judgment commented that Sovereign's "suggestion that the Guide is available online is absurd." He continued, "In any event,

"Freddie Mac, as owner of the Note, has authorized Sovereign to act on its behalf."

Norris did not refer to any particular document in the file, nor did Sovereign submit any documentary evidence to support this assertion.  The judge who denied Sovereign's first motion for summary judgment declined to credit Norris's "unsupported statement, based on no apparent personal knowledge."

In its second motion for summary judgment, Sovereign supplemented the Norris affidavit with the affidavit of Dean Meyer, an assistant treasurer of Freddie Mac, who also based his affidavit "on a review of the loan records for the property." Regarding Sovereign's authorization to act on Freddie Mac's behalf in the foreclosure sale, Meyer also cited the guide, which, he repeated, "governs the relationship between a Seller/Servicer and Freddie Mac relating to the sale and servicing of mortgages."  Meyer stated in paragraph five of the affidavit, "When a borrower defaults, Freddie Mac authorizes a servicer to initiate foreclosure proceedings in accordance with the Guide."  Meyer concluded in paragraph six, "As a result of the plaintiffs' default on their mortgage, Sovereign, as a

---

making it ostensibly available online is no substitute for including it, or any relevant excerpts, in the summary judgment record."

Freddie Mac servicer, was authorized to conduct foreclosure proceedings against the Plaintiffs."

The guide is 2,799 pages long. Meyer's affidavit did not identify exactly where in the guide Freddie Mac authorized Sovereign in particular, or any seller/servicers in general, to act on its behalf to initiate foreclosure proceedings or conduct foreclosure sales. In his memorandum and order allowing the plaintiffs' cross motion for summary judgment, the judge commented that "one is left to speculate as to how (if at all) Mr. Meyer has any personal knowledge of the facts he asserts." Because Meyer purported to state the content of the guide without producing the relevant pages, the motion judge allowed plaintiffs' motion to strike paragraph five as violating the best evidence rule. See Mass. G. Evid. § 1002 (2015).

The record on Sovereign's second motion for summary judgment included two pages from the guide, which Norris, testifying as Sovereign's designee in a deposition conducted pursuant to Mass.R.Civ.P. 30(b)(6), 365 Mass. 780 (1974), stated were "the only thing in the seller/servicer guide that Sovereign Bank is relying upon as authority to foreclose the [plaintiffs'] mortgage." As Sovereign conceded at oral argument on appeal, neither page establishes that Sovereign was acting on behalf of Freddie Mac. The motion judge ruled that Sovereign had failed to present any competent evidence establishing that Sovereign

was authorized to act as Freddie Mac's agent when it initiated the foreclosure sale.  Accordingly, the judge denied Sovereign's motion for summary judgment and allowed the plaintiffs' motion.

Discussion.  Under Eaton, 462 Mass. at 571, "a foreclosure by power of sale pursuant to G. L. c. 183, § 21, and G. L. c. 244, §§ 11-17C, is invalid unless a foreclosing party holds the mortgage and also either holds the underlying mortgage note or acts on behalf of the note holder." Galiastro v. Mortgage Electronic Registration Sys., Inc., 467 Mass. 160, 161 (2014).[5] The question before us is whether a genuine factual dispute exists as to whether Sovereign was acting "as the authorized agent of the note holder." Eaton, supra at 586.  While the judge did not err in identifying the shortcomings in Sovereign's materials and, accordingly, denying Sovereign's motion for summary judgment, these shortcomings did not entitle the plaintiffs to summary judgment in their favor.

General agency principles apply in the context of mortgage foreclosure sales.  Ibid.  An agency relationship "arises 'from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and

---

[5] This rule applies only to mortgage foreclosure sales for which the mandatory notice of sale was given after June 22, 2012, the date of the Eaton decision, and to cases pending on appeal on that date in which the issue had been preserved.  See Eaton, supra at 589; Galiastro v. Mortgage Electronic Registration Sys., Inc., supra.  This includes the case before us.

consent by the other so to act.'"  Harrison Conference Servs. of Mass., Inc. v. Commissioner of Rev., 394 Mass. 21, 24 (1985), quoting from Restatement (Second) of Agency § 1(1) (1958).

Where the mortgage holder and note holder are not the same, the mortgage holder can demonstrate that it was authorized to act as the note holder's agent in a variety of ways.  The task is simple if the mortgage holder can produce an instrument executed by the note holder prior to the foreclosure proceedings that expressly authorizes the mortgage holder to foreclose on the particular loan.  Sufficient proof would be similarly straightforward if the mortgage holder could produce a document from the note holder, predating the foreclosure, generally authorizing the mortgage holder to act in its discretion as the note holder's agent for the purpose of foreclosing on a series of mortgages that included the borrower's.  Providing the requisite proof is more challenging where, as here, a loan-specific preforeclosure authorization apparently does not exist.

Through its affidavits, Sovereign attempted to show that its seller/servicer relationship with Freddie Mac included the authority to act on Freddie Mac's behalf to initiate and conduct foreclosure proceedings with respect to all the loans Sovereign serviced on Freddie Mac's behalf (which included the plaintiffs').  We agree with Sovereign that such proof could satisfy Eaton; that is, Sovereign could have shown that it

possessed the requisite authority without pointing to any preforeclosure instrument expressly authorizing it to foreclose.

To prevail on its motion for summary judgment, however, Sovereign had to establish that no genuine issue of material fact existed concerning such an agency relationship with Freddie Mac and that it was therefore entitled to judgment as matter of law.  DeWolfe v. Hingham Centre, Ltd., 464 Mass. 795, 799 (2013).  The affidavits that Sovereign produced in an effort to support its assertions did not satisfy the requirements of Mass.R.Civ.P. 56(e), 365 Mass. 824 (1974), which requires affidavits "made on personal knowledge" that "set forth such facts as would be admissible in evidence."  See Polaroid Corp. v. Rollins Envtl. Servs. (NJ), Inc., 416 Mass. 684, 696 (1993) ("bare assertions and conclusions regarding a company officer's understandings, beliefs, and assumptions are not enough to withstand a well-pleaded motion for summary judgment"); Haverty v. Commissioner of Correction, 437 Mass. 737, 754 (2002), S.C., 440 Mass. 1 (2003) ("generalized statements . . . devoid of specific details" insufficient).  For example, as noted, the judge ruled that Meyer's affidavit failed adequately to demonstrate the basis of his personal knowledge and violated the

best evidence rule.[6]  Norris's affidavit was similarly deficient.
In other words, Sovereign's efforts to demonstrate its own
entitlement to summary judgment failed not as a matter of theory
but as a matter of proof.

Of course, Sovereign's failure to show that it was entitled
to summary judgment does not mean that the plaintiffs were
entitled to the allowance of their cross motion for summary
judgment.  See, e.g., Curly Customs, Inc. v. Bank of Boston,
N.A., 49 Mass. App. Ct. 197, 199 (2000).  With respect to their
motion for summary judgment, the plaintiffs as the moving party
had "the burden of demonstrating affirmatively the absence of a
genuine issue of material fact on every relevant issue,
regardless of who would have the burden on that issue at trial."
Arcidi v. National Assn. of Govt. Employees, Inc., 447 Mass.
616, 619 (2006).[7]  "This burden need not be met by affirmative

---

[6] Sovereign does not argue on appeal that the motion judge
abused his discretion in striking paragraph five of Meyer's
affidavit.

[7] The Supreme Judicial Court has not addressed whether, in
an action challenging the validity of a nonjudicial foreclosure
under Eaton, the mortgagor who initiates the action carries the
burden of proving at trial that the mortgagee is neither the
holder of the note nor acting on behalf of the note holder, or
whether the foreclosing mortgagee carries the burden of proving
that it holds the note or is the note holder's authorized agent.
In the preliminary injunction context, the mortgagor is required
"to show that she has a reasonable likelihood of establishing
that, at the time of the foreclosure sale, [the mortgage holder]
neither held the note nor acted on behalf of the note holder."
Eaton, 462 Mass. at 590.  See Chartrand v. Newton Trust Co., 296
Mass. 317, 320 (1936) ("The burden of proving that the sale was

evidence negating an essential element of the plaintiff's case, but may be satisfied by demonstrating that proof of that element is unlikely to be forthcoming at trial." Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991), citing Kourouvacilis v. General Motors Corp., 410 Mass. 706 (1991). Applied to this case, to prevail on summary judgment the plaintiffs had the burden to show that Sovereign's materials could not support an inference that its seller/servicer relationship with Freddie Mac included the authority to foreclose on the plaintiffs' loan.

In evaluating whether the plaintiffs met their burden on this point, "we review the record in the light most favorable to the party against whom the judge allowed summary judgment, here [Sovereign]." Marhefka v. Zoning Bd. of Appeals of Sutton, 79 Mass. App. Ct. 515, 516 (2011). "Any doubts as to the existence of a genuine issue of material fact are to be resolved against

---

improperly conducted rested on the plaintiffs"). However, because the facts concerning the relationship between the mortgagee and the note holder are far more readily available to them, and because the statutory requirements governing nonjudicial foreclosures must be strictly adhered to, see U.S. Bank Natl. Assn. v. Ibanez, 458 Mass. 637, 646 (2011), it can be argued that once the mortgagor makes a plausible showing that the mortgagee does not hold the note and is not acting on behalf of the note holder, the mortgagee should carry the burden of proving that the foreclosure is valid under Eaton. We need not decide this issue, as the moving party carries the burden of proving the absence of any genuine issue of material fact for the purposes of summary judgment.

the party moving for summary judgment." Milliken & Co. v. Duro Textiles, LLC, 451 Mass. 547, 550 n.6 (2008).

The plaintiffs presented affirmative proof that Sovereign did not hold the note when it foreclosed on the mortgage. Sovereign, in turn, presented materials intended to show that it possessed authority to act on the note holder's behalf. For the reasons set forth above, Sovereign's apparent inability to produce a preforeclosure instrument from Freddie Mac expressly authorizing it to foreclose on the plaintiffs' mortgage is not fatal to Sovereign's claim that it had the requisite authority. Although Sovereign failed at the summary judgment stage to identify the precise language in the complex seller/servicer agreement establishing conclusive proof of its authority, this does not mean that it would be unable to provide the requisite proof at trial.

Indeed, Sovereign's summary judgment materials included multiple indicators that it was acting as Freddie Mac's agent. The guide included detailed instructions on how to conduct foreclosures on Freddie Mac's behalf, strongly suggesting that Sovereign, as a seller/servicer, generally possessed the power to conduct foreclosures. In addition, the summary judgment record shows that after Sovereign was the highest bidder at the foreclosure sale, Freddie Mac purchased Sovereign's bid. Based on that course of events, a fact finder could infer that Freddie

Mac had authorized Sovereign to go forward with the foreclosure.[8]
While Sovereign's materials may amount to "at best a toehold to
establish" its authority to act on Freddie Mac's behalf, "[a]
toehold . . . is enough to survive a motion for summary
judgment." Marr Equip. Corp. v. I.T.O. Corp. of New England, 14
Mass. App. Ct. 231, 235 (1982).[9]

---

[8] Sovereign suggests that Freddie Mac "ratified" Sovereign's
agency status after the fact by purchasing Sovereign's bid. The
ratification doctrine is inapt here, as it presumes, contrary to
the requirements of Eaton, that at the time of the foreclosure
sale, Sovereign was not authorized to act for Freddie Mac. See
Licata v. GGNSC Malden Dexter LLC, 466 Mass. 793, 802 (2014),
quoting from Linkage Corp. v. Trustees of Boston Univ., 425
Mass. 1, 18, cert. denied, 522 U.S. 1015 (1997) ("Where an agent
lacks actual authority" to act on a principal's behalf, the
principal is nonetheless bound "if the principal acquiesces in
the agent's action, or fails promptly to disavow the
unauthorized conduct after disclosure of material facts").

[9] The summary judgment record includes a third affidavit
signed by Kristy Kochenash, a banking officer of Sovereign, who
stated based on "personal knowledge" and her review of
Sovereign's business records, "the Foreclosing Mortgagee was
. . . [a]uthorized by the owner of the promissory note secured
by the above mortgage to conduct the foreclosure sale."
Kochenash's affidavit was titled an "Eaton Affidavit" and was
filed in the registry of deeds three months after the
foreclosure sale. See Eaton, supra at 589 & n.28 (suggesting
that, prospectively, foreclosing mortgagees could clarify the
chain of title for subsequent purchasers by filing an affidavit
pursuant to G. L. c. 183, § 5B, in the registry of deeds stating
that the mortgagee "either held the note or acted on behalf of
the note holder at the time of the foreclosure sale"). The
motion judge did not consider this affidavit because Sovereign
never brought it to the judge's attention. See Dziamba v.
Warner & Stackpole LLP, 56 Mass. App. Ct. 397, 399 (2002)
(noting that Superior Court Rule 9A[b][5], the "anti-ferreting"
rule, is designed to prevent "throw[ing] a foot-high mass of
undifferentiated material at the judge"). Accordingly, we

Conclusion.  The judgment is vacated, and the case is

remanded to the Superior Court for further proceedings.

So ordered.

_____

decline to consider what effect this affidavit would have had on
the cross motions for summary judgment.

We note that under "An Act preventing unlawful and
unnecessary foreclosures," St. 2012, c. 194, effective November
1, 2012, foreclosing mortgagees must file an affidavit in the
registry of deeds "[p]rior to publishing a notice of foreclosure
sale," certifying compliance with G. L. c. 244, § 35B, regarding
good faith efforts to avoid foreclosure, and G. L. c. 244,
§ 35C, regarding the mortgagee's status as either the holder of
the note or the authorized agent of the note holder.  These
affidavits may be relied upon by "an arm's-length third party
purchaser for value," but do not relieve the affiant from
liability for failure to comply with these sections.  G. L.
c. 244, §§ 35B(b), (f), 35C(b).  See St. 2015, c. 141, "An Act
clearing titles to foreclosed properties" (allowing conclusive
effect to affidavits demonstrating foreclosure complied with
requirements of statutory power of sale three years after
recording of affidavit, unless challenged in court).