NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

17-P-1445                                          Appeals Court

WAYNE E. MITCHELL & another[1]  vs.  U.S. BANK NATIONAL
ASSOCIATION, trustee,[2] & others.[3]


No. 17-P-1445.     March 4, 2019.


Mortgage, Foreclosure, Real estate.  Real Property, Mortgage.
    Negotiable Instruments, Note.


The plaintiffs, Wayne and Sharon Mitchell (Mitchells),
filed this action to try title under G. L. c. 240, claiming that
the foreclosure of their home was invalid.  The case raises a
question as to who is the "note holder" able to foreclose a
mortgage, where the note and mortgage were securitized after
they were executed.  Here the foreclosure was conducted by
defendant U.S. Bank National Association (U.S. Bank), which
possessed the note, as a trustee, at the time of foreclosure of
the Mitchells' home (property).  The Mitchells argue that U.S.
Bank was not authorized to foreclose because U.S. Bank did not
hold the "beneficial interest" in the note, as that interest was
held by the certificate holders of the trust.  The trial judge
rejected the Mitchells' argument and we do as well, as it is at
odds with both the language of the note and fundamental trust
law.  We accordingly affirm the judgment, which confirmed U.S.
Bank's title to the property as a result of the foreclosure.

_____

    [1] Sharon Mitchell.

    [2] For RASC 2006-EMX4.

    [3] U.S. Bank National Association, trustee; Mortgage
Electronic Registration Systems, Inc.; Wells Fargo Bank, N.A.,
doing business as America's Servicing Company; Mortgage Lenders
Network USA, Inc.; Residential Asset Securities Corp.; and
Residential Funding Corp.

Background.[4]  The Mitchells obtained a mortgage loan from Mortgage Lenders Network USA, Inc. (MLN), in 2006 with respect to the property at 547 Washington Street, Winchester.  The Mitchells executed a promissory note (note) in favor of MLN for the principal amount of the loan and granted a first priority mortgage to Mortgage Electronic Registration Systems, Inc. (MERS).  The note was initially indorsed by MLN to EMAX Financial Group, LLC (EMAX), which thereafter indorsed the note in blank on an allonge to the note.  Between March and May of 2006, the note was securitized[5] and transferred into a trust named RASC 2006-EMX4, with U.S. Bank as trustee.  On May 1, 2006, U.S. Bank also entered into a custodial agreement with Wells Fargo Bank, N.A. (Wells Fargo), wherein Wells Fargo became custodian for the Mitchells' original collateral file, including the note, as well as the servicer of the loan on behalf of U.S. Bank.

By 2008 the Mitchells had defaulted on the note and mortgage.  In July 2012, U.S. Bank sent a notice of foreclosure to the Mitchells.  On October 2, 2012, U.S. Bank conducted a foreclosure sale and on November 20, 2012, executed a foreclosure deed.  The judge specifically found that as of the date of notice, and of foreclosure, U.S. Bank was (1) the trustee for the RASC 2006-EMX4 mortgage-backed securities, (2) the assignee of the mortgage, and (3) in physical possession of the note, through its agent, Wells Fargo.[6]

---

[4] The facts are taken from the judge's "Decision," entered after trial.  The Mitchells do not contest the judge's factual findings.

[5] For the purposes of this case we use the term "securitized," or the "securitization" of a note, to describe a transaction where the note and mortgage associated with a loan have been pooled with other similar obligations into a trust, in which third-party investors can purchase shares (certificates) that represent interests in the pool.  See South Boston Sav. Bank v. Commissioner of Revenue, 418 Mass. 695, 697-698 (1994).

[6] In Eaton v. Federal Nat'l Mtge. Ass'n, 462 Mass. 569, 571 (2012), the Supreme Judicial Court held that the "mortgagee" for foreclosure purposes is "the person or entity then holding the mortgage and also either holding the mortgage note or acting on behalf of the note holder."  The Mitchells' arguments in the trial court accordingly focused on who was "holding the mortgage

The Mitchells filed this action to try title in the Land Court in April 2014.[7] U.S. Bank counterclaimed for a declaration of superior title as a result of the foreclosure. After a trial, the judge's comprehensive decision found for U.S. Bank and declared that U.S. Bank held clear, superior record title to the property. The Mitchells appealed.

Discussion. The Mitchells raised several arguments in the trial court challenging the foreclosure but in this court they raise only one: that the foreclosure was invalid because U.S. Bank was not the "beneficial owner" of the note at the time of foreclosure. According to the Mitchells, under the "clear and unambiguous" language of the note it may be enforced only by the persons "entitled to the beneficial interest in the loan." Those persons, they argue, are the certificate holders, once a note has been securitized. Accordingly, they claim that only the certificate holders have the right to foreclose where the note has been securitized.

The Mitchells' argument is incorrect. The note does not state that it is to be enforced by the persons "entitled to the beneficial interest"; rather, the note states that the "Note Holder" is the "Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note" (emphasis added).[8] The question of who is the person "entitled to receive payments" under the note is in part a question of law, the answer to which is governed by the note and the Uniform Commercial Code (UCC), as adopted in Massachusetts. See G. L. c. 106. Under the note the original payee was MLN, but the note states that it can be transferred, and here it was transferred and eventually indorsed in blank, on the allonge. Under art. 3 of the Massachusetts UCC, G. L. c. 106, § 3-205 (b), an

---

note" as of the time of foreclosure, as did the judge's findings.

[7] The Mitchells filed the original complaint in 2012. The defendants' motion to dismiss was allowed in March, 2014, and the Mitchells were given leave to file an amended complaint. The "second amended petition to try title" was filed in April, 2014.

[8] The mortgage similarly provides that "MERS (as nominee for Lender and Lender's successors and assigns) has the right: . . . to foreclose and sell the Property." MERS assigned the mortgage to U.S. Bank in December 2008.

instrument "[w]hen indorsed in blank . . . becomes payable to bearer." See Khalsa v. Sovereign Bank, N.A., 88 Mass. App. Ct. 824, 825 (2016). The bearer, or possessor, of the note at the time of foreclosure was U.S. Bank, as trustee. U.S. Bank, as trustee, was thus the entity "entitled to receive payments" of amounts due under the note. The holding of property and the receipt of payments due are well recognized and common functions of a trustee. See South Boston Sav. Bank v. Commissioner of Revenue, 418 Mass. 695, 697 (1994).

The Mitchells' contrary argument is flawed in several respects. As discussed, the certificate holders are not the persons entitled to receive payments under the note and the UCC. In addition, the making of the loan and granting of the mortgage was a transaction between the Mitchells and the lender, and that transaction was entirely separate from the transaction that securitized the note and mortgage. It is the note and mortgage that govern the foreclosure process, together with the applicable law, Eaton v. Federal Nat'l Mtge. Ass'n, 462 Mass. 569, 575-589 (2012); whatever contractual rights the certificate holders may have are governed by the separately transacted securitization documents. Notably, the Mitchells cite no case or other authority for the proposition that the securitization transaction fundamentally altered the enforcement rights under the note and mortgage. Cf. U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 649 (2011) (mortgages that secure promissory notes in mortgage-backed securities "are still legal title to someone's home").[9]

Judgment affirmed.

Thomas B. Vawter for the plaintiffs.
David E. Fialkow for Mortgage Electronic Registration Systems, Inc., & others.

---

[9] We note that the argument advanced by the Mitchells would, if accepted, render it extremely difficult to foreclose on any property as to which the note and mortgage have been securitized.