NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1

JAMES E. MORSE

vs.

ZONING BOARD OF APPEALS OF WELLESLEY & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

James Morse appeals from a Land Court judgment affirming on summary judgment the decision of the Zoning Board of Appeals of Wellesley (board) to grant site plan approval for a major construction project at a retail site, a use permitted as of right.  The approval allows the operator of the site to raze a two-family home, expand a parking lot, and relocate one of the site's driveways.  The plaintiff objects only to the portion of the plan that authorizes moving the entry to the site closer to his home.  We affirm.

---

[1] Gravestar, Inc.; TA Wellesley, LLC; and TA Wellesley State Street, LLC.  For consistency, we continue to refer to the property owner as "Gravestar" although TA Wellesley, LLC and TA Wellesley State Street, LLC acquired the property at issue and, by order of this Court, were allowed to be substituted for the original owner, Gravestar, Inc.

Background. "We summarize the findings set forth in the order on the [defendant's] . . . motion[] for summary judgment, supplemented by other uncontroverted facts in the summary judgment record, . . . and viewing the evidence in the light most favorable to the party against whom summary judgment was entered" -- here, Morse (quotations omitted). Williams v. Board of Appeals of Norwell, 490 Mass. 684, 685 (2022). The site consists of several contiguous lots and contains a Whole Foods Market, a bank, a dry cleaner, and a mattress seller. A corner lot, the site is bounded by Washington St. to the west and State St. to the south. The site currently has two driveways. Access to the site from Washington St. is by a restricted right-turn in and right-turn out driveway with no traffic signal. Full access to the site, i.e., ingress and egress in both directions, is via a three-lane, T intersection on State St., approximately 250 feet east of Washington St., also with no signal. During peak hours traffic queues extend from a traffic light at Washington and State Sts. past the State St. entrance and some drivers taking a left from the parking lot "have to nose through the traffic queue to see if it is safe to make the turn."

The plaintiff lives on the eastern corner of State and Atwood Sts. Atwood St. terminates at State St. approximately 100 feet east of the current State Street entrance to the site. Currently, a driver seeking to get to the site from Atwood St.

2

would take a left turn onto State St. and a quick jog right into the site's driveway.

On June 11, 2019, Gravestar applied to the board for site plan approval as a major construction project under § 16A of the Wellesley zoning bylaw.  The application sought permission to move the State St. driveway to a location across from Atwood St., to create a slightly offset four-way intersection and eliminate the three-way intersection at the existing State St. driveway.  The new driveway would be located diagonally across from Morse's property.  A traffic study procured by Gravestar recommended the move.  The judge noted that two experts (Gravestar's and one retained by the board to peer review Gravestar's expert's traffic assessment and opinions) indicated that standard engineering practice encourages the design of a four-way intersection rather than two offset three-way intersections.  The parties agree that "[t]he proposed four-way intersection improves the left-turn sight lines out of the Whole Foods driveway during peak traffic times . . . and . . . eliminates the quick jog maneuver required to travel between Atwood Street [and] the parking lot."

Before the board, neighbors objected, arguing that traffic would increase on Atwood Street and that a four-way intersection would be less safe than the two existing three-way intersections.  In approving the proposed site plan, the board

3

reasoned that, even accepting that this was a valid safety concern, "safety of the proposed relocated four-way driveway is impacted by more than simply a single variable. The traffic professionals considered five different variables in conjunction with the relocation of the driveway and concluded that the proposed driveway relocation is an improvement over the existing conditions." The board accepted that view. The plaintiff did not dispute this traffic study.

The plaintiff appealed the decision to grant the permit to the Land Court pursuant to G. L. c. 40A, § 17. Gravestar filed motions to dismiss and for summary judgment, contending that the plaintiff lacked standing to pursue his appeal and that in any event, Gravestar was entitled to judgment as a matter of law. The Land Court judge concluded that the plaintiff did not enjoy a presumption of standing because his property is diagonally, rather than directly, across the street from the site. In addition, she found that the plaintiff had failed to meet his burden of demonstrating with credible evidence an injury sufficient to sustain standing.

On the merits, the judge reasoned that "no material change in operations [was] anticipated at the reconfigured Site entrance," and, even accepting that the plaintiff "will be affected by increased conflict points, increased delays, and a decreased LOS [level of service], [the] unrebutted evidence is

4

that those impacts are negligible" because "delays at the reconfigured Site entrance will increase by no more than six seconds" and the approach to the site "will continue to operate below capacity" (quotations omitted).  Reasoning that the unrebutted summary judgment materials submitted by Gravestar's and the board's experts adequately supported the board's decision, the judge concluded that Gravestar was entitled to summary judgment.

Discussion.  Before we turn to the merits, we note that our review has been hampered by the plaintiff's brief, which is utterly devoid of citation to applicable case law.  Our rules require that the argument section of an appellate brief contain the appellant's contentions, the reasons therefor, citations to the authorities and parts of the record on which the appellant relies, and a concise statement of the applicable standard of review for each issue.  See Mass. R. A. P. 16 (a) (9) (A) & (B), as appearing in 481 Mass. 1628 (2019).  "Although some leniency is appropriate in determining whether pro se litigants have complied with rules of procedure, the rules nevertheless bind pro se litigants as all other litigants."  Brown v. Chicopee Fire Fighters Ass'n, Local 1710, IAFF, 408 Mass. 1003, 1004 n.4 (1990).  Despite these flaws, in an exercise of our discretion, and with an eye toward the efficient resolution of this dispute,

we address the merits of the plaintiff's arguments as best we can understand them.[2]

1. Standard of review.  "The allowance of a motion for summary judgment is appropriate where there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law" (quotation omitted). Williams, 490 Mass. at 689.  "We review a decision on a motion for summary judgment de novo" (quotation omitted). Id.  As the moving party, Gravestar had "the burden of demonstrating affirmatively the absence of a genuine issue of material fact on every relevant issue, regardless of who would have the burden on that issue at trial."  Khalsa v. Sovereign Bank, N.A., 88 Mass. App. Ct. 824, 829 (2016), quoting Arcidi v. National Ass'n of Gov't Employees, Inc., 447 Mass. 616, 619 (2006).  But, faced with a well-supported motion for summary judgment, it became Morse's "burden, pursuant to Mass. R. Civ. P. 56 (e), 365 Mass. 825 (1974), to designate specific facts showing that there is a genuine issue for trial" (quotations omitted).  Benson v. Massachusetts Gen. Hosp., 49 Mass. App. Ct. 530, 531 (2000).

---

[2] We do not dwell on the plaintiff's standing because even assuming the plaintiff has standing, we agree that summary judgment was correctly granted on the merits.  See Green v. Zoning Bd. of Appeals of Southborough, 96 Mass. App. Ct. 126, 129 (2019).  Cf. Mostyn v. Department of Envtl. Protection, 83 Mass. App. Ct. 788, 792 (2013).

2.  Merits.  "Review of a board's decision . . . pursuant to G. L. c. 40A, § 17, involves a 'peculiar' combination of de novo and deferential analyses.  Although fact finding . . . is de novo, a judge must review with deference legal conclusions within the authority of the board" (citation and quotation omitted).  Wendy's Old Fashioned Hamburgers of N.Y., Inc. v. Board of Appeal of Billerica, 454 Mass. 374, 381 (2009) (Wendy's).  "If the board's decision is supported by the facts found by the judge, it 'may be disturbed only if it is based on a legally untenable ground, or is unreasonable, whimsical, capricious or arbitrary.'"  Fish v. Accidental Auto Body, Inc., 95 Mass. App. Ct. 355, 362 (2019), quoting Bateman v. Board of Appeals of Georgetown, 56 Mass. App. Ct. 236, 242 (2002).

The parties agreed that the "proposed parking lot expansion is an allowed use" permitted as of right "and meets the [t]own's dimensional zoning requirements."  The fact that the use was permitted as of right was significant in establishing the scope of the board's review.  "Site plan review of uses that are permitted as of right involves 'the regulation of a use and not its outright prohibition' and the 'scope of review is . . . limited to imposing reasonable terms and conditions on the proposed use.'"  Valley Green Grow, Inc. v. Charlton, 99 Mass. App. Ct. 670, 686 (2021), quoting Dufault v. Millennium Power Partners, L.P., 49 Mass. App. Ct. 137, 139 (2000).  A site plan

7

application may be denied outright only where, after careful factual analysis, a "problem is so intractable as to admit of no reasonable solution." Muldoon v. Planning Bd. of Marblehead, 72 Mass. App. Ct. 372, 376 (2008). See Prudential Ins. Co. of Am. v. Board of Appeals of Westwood, 23 Mass. App. Ct. 278, 282-283 (1986) (Prudential).

Here, the judge thoroughly reviewed the materials submitted on summary judgment and independently concluded that (1) the plaintiff's summary judgment materials did not raise any genuine issues of material fact and (2) that the undisputed facts supported the board's decision to approve the proposed site plan.

The fact that the proposed plan increases the number of contact points at the Atwood St. intersection and creates marginally longer delays does not raise a genuine issue of material fact requiring a trial on the factual basis for the board's decision. The unrefuted traffic studies showed that the Atwood St./State St. intersection would continue to function at an acceptable level, with slight delays. Importantly, the plaintiff's expert's submissions do not support the plaintiff's assertion that traffic would block his driveway, and thus failed to raise a factual dispute on that point, the main one advanced by the plaintiff on appeal. See Butler v. Waltham, 63 Mass. App. Ct. 435, 442 (2005). To the extent the reconfigured site

8

entrances would "increase delays" on the street in front of the plaintiff's house, as the plaintiff's expert stated in his affidavit, this assertion does not create an intractable problem rendering the board's approval of the site plan unreasonable, arbitrary, or capricious. See Wendy's, 454 Mass. at 382; Muldoon, 72 Mass. App. Ct. at 376.

None of the plaintiff's other arguments disturb our settled conviction that the judge properly assessed the applicable legal framework. The plaintiff's contention that the board should have applied certain special permit criteria contained in § 25D of the bylaw is belied by the framework of Gravestar's petition. Gravestar sought a site plan review under § 16A of the zoning bylaws, and, absent an explanation from the plaintiff about why the § 25D special use permit standards should apply, we see no error of law in the board's failure to apply them. "It has been settled since the decision in SCIT, Inc. v. Planning Bd. of Braintree, 19 Mass. App. Ct. 101 (1984), that a use allowed as of right cannot be made subject to the grant of a special permit inasmuch as the concepts of a use as of right and a use dependent on discretion are mutually exclusive." Prudential, 23 Mass. App. Ct. at 281.

We are equally unconvinced by the plaintiff's claim that § 21 of the bylaw, which requires that driveways "be located so as to minimize conflict with traffic on public streets and where

9

good visibility and sight distances are available to observe

approaching pedestrian and vehicular traffic[,]" requires

reversal of the board's decision.  Even if § 21 applied to site

plan review, the plaintiff's expert's affidavit does not assert

visibility or sight distance concerns.[3]  The plaintiff's expert

generally opined that "[t]he proposed driveway relocation is a

matter of preference, or opinion, rather than being an

engineering requirement."  That equivocal statement did not

create a genuine issue of material fact, where there is no

---

[3] While the plaintiff now expresses dissatisfaction with his
lawyer's performance at the motion hearing, the record does not
reflect, and the plaintiff does not contend, that the judge was
made aware of any limitations in the attorney's representation
at the summary judgment hearing, nor that the plaintiff
requested to be heard.  Since the plaintiff was represented by
counsel, it would have been quite unusual for him to participate
actively in the hearing, and there is no suggestion here that
the plaintiff made his attorney aware that he wanted to
participate.  In any event, the general rule is that there is no
right to the effective assistance of counsel in civil cases.
See Commonwealth v. Patton, 458 Mass. 119, 124 (2010).

requirement that the defendant identify an engineering requirement to relocate the driveway.

The plaintiff has not shown the board's conclusion to be legally untenable, unreasonable, arbitrary, or capricious. See Wendy's, 454 Mass. at 381-382. We discern no error in the decision granting summary judgment to the defendants.

Judgment affirmed.

By the Court (Sullivan,
  Massing, & Hershfang, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered: March 7, 2023.

---

[4] The panelists are listed in order of seniority.

11