NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11842

ELMER WING  vs.  COMMISSIONER OF PROBATION.


Suffolk.    September 8, 2015. - December 28, 2015.

Present:  Gants, C.J., Spina, Cordy, Botsford, Duffly, Lenk,
& Hines, JJ.



Criminal Records.  Evidence, Criminal records, Disclosure of
     evidence, Impeachment of credibility.  Practice, Criminal,
     Record, Disclosure of evidence, Discovery, Witness,
     Confrontation of witnesses.  Statute, Construction.
     Constitutional Law, Access to criminal records, Witness,
     Confrontation of witnesses.  Due Process of Law, Disclosure
     of evidence, Impeachment by prior conviction.  Witness,
     Impeachment.  Destruction of Property.



     Civil action commenced in the Supreme Judicial Court for
the county of Suffolk on February 12, 2015.

     The case was reserved and reported by Cordy, J.


     Adam M. Bond for the plaintiff.
     Sarah M. Joss, Special Assistant Attorney General, for the
defendant.
     Mary Lee, Assistant District Attorney, for the
Commonwealth.

HINES, J. In this appeal we decide whether a criminal defendant's right to disclosure of a prospective witness's criminal record under the mandatory discovery provisions of G. L. c. 218, § 26A, and Mass. R. Crim. P. 14 (a) (1) (D), as amended, 444 Mass. 1501 (2005), extends to a criminal record sealed under G. L. c. 276, § 100A. Elmer Wing, who stands charged with malicious destruction of property over $250 on a complaint issued in the Wareham Division of the District Court Department, sought an order compelling production of the complaining witness's sealed criminal record. A judge denied the motion. The matter is now before us on a single justice's reservation and report of Wing's petition for relief under G. L. c. 211, § 3, to the full court.

Wing claims that the mandatory disclosure required by G. L. c. 218, § 26A, and rule 14 (a) (1) (D) is not subject to an exception for sealed criminal records. He also claims that disclosure is necessary to effect his constitutional right to confrontation of the complaining witness. Reading the potentially conflicting statutes harmoniously, as we are obliged to do, we conclude that G. L. c. 218, § 26A, and rule 14 (a) (1) (D) do not require disclosure of criminal records

sealed pursuant to G. L. c. 276, § 100A.[1]  We conclude also that Wing has failed to establish a constitutional right to disclosure for confrontation purposes where he seeks only impeachment based on the witness's prior criminal conviction.

Background.  We summarize only those aspects of the procedural history pertinent to the resolution of the issues presented in this appeal.  Although the facts underlying the charge of malicious destruction of property over $250 are not specified in the record, the Commonwealth has not disputed Wing's assertion that the charge is based on the allegation that Wing caused a security gate at his property to strike and damage the complaining witness's vehicle.[2]  During pretrial discovery, Wing filed a request for mandatory discovery of the complaining witness's criminal record under G. L. c. 218, § 26A, and rule 14 (a) (1) (D).  The probation department produced the unsealed entries in the witness's criminal record but withheld the entries sealed pursuant to G. L. c. 276, § 100A.  Wing filed a motion to compel production of the sealed criminal record.  The judge denied the motion, and this petition for review pursuant to G. L. c. 211, § 3, followed.

---

[1] Although G. L. c. 276, §§ 100B and 100C, also concern sealed criminal records, only § 100A is relevant here.

[2] The Commonwealth submitted a brief in this case as an interested party.

Discussion. 1. Right to review under G. L. c. 211, § 3. The probation department contends that Wing is not entitled to the review he seeks under G. L. c. 211, § 3, arguing that he has failed to establish a "substantial claim" of "irremediable" error sufficient to justify the extraordinary relief available under the statute. See Commonwealth v. Jordan, 464 Mass. 1004, 1004 (2012). We bypass the issue, however, because, when a single justice reserves decision and reports a case to the full court, "we grant full appellate review of the issues reported" (quotation omitted). Commonwealth v. Goodwin, 458 Mass. 11, 15 (2010).

2. Discovery of sealed records. The issue before us arises in the context of a potential conflict between a defendant's statutory right to mandatory discovery of a witness's criminal record under G. L. c. 218, § 26A, and rule 14 (a) (1) (D), and the privacy protections accorded to former criminal defendants by the sealing of criminal records under G. L. c. 276, § 100A. See Commonwealth v. Pon, 469 Mass. 296, 300 (2014). We begin the analysis by providing an overview of the relevant statutes and rule.

a. Mandatory discovery of criminal records. Wing's claim derives from G. L. c. 218, § 26A, and rule 14 (a) (1) (D), both of which unequivocally provide for mandatory discovery of a witness's criminal record. General Laws c. 218, § 26A, second

par., applicable to criminal trials in the Boston Municipal Court and District Court Departments, provides that "[u]pon motion of the defendant the judge shall order the production by the commonwealth of the names and addresses of the prospective witnesses and the production by the probation department of the record of prior convictions of any such witness" (emphasis supplied). Similarly, rule 14 (a) (1) (D) of the Massachusetts Rules of Criminal Procedure requires that "[a]t arraignment the court shall order the Probation Department to deliver to the parties the record of prior complaints, indictments and dispositions of all defendants and of all witnesses" (emphasis supplied). Thus, broadly speaking, a court has no discretion to deny a defendant access to a witness's criminal record. Both G. L. c. 218, § 26A, and rule 14 are silent, however, as to their application to sealed criminal records.

The provision for mandatory discovery of a witness's criminal record was part of a statutory reorganization of the Massachusetts trial court system. G. L. c. 218, § 26A, as appearing in St. 1992, c. 379, § 139.[3] Prior to 1986, pretrial discovery generally, and access to a witness's criminal record in particular, were left to the court's discretion with

_____

[3] Mandatory discovery of witnesses' criminal records initially applied only to the Essex and Hampden Divisions of the District Court Department, St. 1986, c. 537, § 8, but was later expanded to apply Statewide, St. 1992, c. 379, § 139.

predictably different results.  See, e.g., <u>Commonwealth</u> v.

<u>Adams</u>, 374 Mass. 722, 732 (1978) (implicitly recognizing right

of access but requiring showing of prejudice to establish error

in denial of access to criminal record); <u>Commonwealth</u> v.

<u>Collela</u>, 2 Mass. App. Ct. 706, 708-709 (1974) (no error in

denying access to witness's criminal record as prosecution not

required to collect such records for defendants).  The

legislative actions in 1986 and 1992 imposed two fundamental

changes that provide useful context for our consideration

whether mandatory disclosure of criminal records applies to

sealed criminal records.  First, the requirement in G. L.

c. 218, § 26A, second par., that the judge

> "shall issue an order of discovery . . . requiring
> that the defendant be permitted to discover, inspect
> and copy any material and relevant evidence,
> documents, statements of persons, or reports of
> physical or mental examinations of any person or of
> scientific tests or experiments, within the
> possession, custody, or control of the prosecutor or
> persons under his direction and control,"

recognized a defendant's presumptive right to relevant routine

discovery in criminal cases.[4]  Second, the remaining language

requires that "[u]pon motion of the defendant the judge shall

---

[4] Routine discovery includes those types of discovery
specified in Mass. R. Crim. P. 14 (a) (1) (A), as amended, 444
Mass. 1501 (2005), including statements by the defendant, grand
jury minutes, exculpatory facts, contact information for
witnesses, anticipated expert opinion evidence, relevant
exhibits, summaries of identification procedures, and
inducements made to witnesses.

order . . . the production by the probation department of the record of prior convictions of any such witness."  G. L. c. 218, § 26A, second par.  Against the backdrop of a discovery process entirely within the judge's discretion, the 1986 and 1992 acts, St. 1992, c. 379, § 139, and St. 1986, c. 537, § 8, reflect a legislative intent to streamline the discovery process by imposing a measure of predictability and efficiency in the treatment of routine discovery requests, including access to criminal records.  The presumptive right to routine discovery accomplished this purpose by relieving a defendant of the obligation to affirmatively establish a need for and right to such information, and limited judicial discretion in discovery orders governed by the statute.  See Commonwealth v. Taylor, 469 Mass. 516, 521-522 (2014) (rule 14 facilitates automatic production by eliminating defendants' need to request items of mandatory discovery).  Mandatory discovery of criminal records likewise contributes to a streamlined discovery process by removing a barrier to the exercise of the right of impeachment as provided in G. L. c. 233, § 21.[5]

Amendments to rule 14 in 2004, designed to promote efficiency in the disposition of criminal cases and to "improve both the administration and delivery of justice," reinforced the

---

[5] G. L. c. 233, § 21, as amended through St. 2010, c. 256, § 105.

more liberal approach to discovery as set forth in G. L. c. 218, § 26A. See Report of the Supreme Judicial Court Standing Advisory Committee on the Rules of Criminal Procedure, at 73 (May 9, 2003). Rule 14 eliminated the need for a motion "consistent with criminal procedure," G. L. c. 218, § 26A, second par., and required automatic disclosure of the designated information. See Reporters' Notes to Rule 14 (2004), Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1507 (LexisNexis 2015-2016).

b. The sealing statute, G. L. c. 276, § 100A. In contrast, G. L. c. 276, § 100A, prohibits, except in circumstances not relevant here, the disclosure of a "sealed" criminal record. The statute provides in relevant part:

> "Such sealed records shall not operate to disqualify a person in any examination, appointment or application for public service in the service of the commonwealth or of any political subdivision thereof; nor shall such sealed records be admissible in evidence or used in any way in any court proceedings or hearings before any boards or commissions, except in imposing sentence in subsequent criminal proceedings . . . ." (emphasis supplied).

G. L. c. 276, § 100A, fourth par. It mandates that "[t]he commissioner [of probation], in response to inquiries by authorized persons other than any law enforcement agency, any court, or any appointing authority, shall in the case of a sealed record . . . report that no record exists" (emphasis added). G. L. c. 276, § 100A, sixth par.

The impetus for the enactment of G. L. c. 276, § 100A, was the Commonwealth's "compelling interest in providing privacy protections for former criminal defendants" by prohibiting access to sealed criminal records. See Pon, 469 Mass. at 300. The privacy protections extended to former criminal defendants serves the broader purpose of facilitating their reintegration into society. See id. at 306 n.19, 307.

In resolving the issue before us, we apply the familiar rule that we construe related statutes "together so as to constitute a harmonious whole consistent with the legislative purpose." Federal Nat'l Mtge. Ass'n v. Hendricks, 463 Mass. 635, 641 (2012), quoting Board of Educ. v. Assessor of Worcester, 368 Mass. 511, 513-514 (1975). We are obliged to discern and give effect to the intent of the Legislature. Oxford v. Oxford Water Co., 391 Mass. 581, 587-588 (1984). Statutes "must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished." Lowery v. Klemm, 446 Mass. 572, 576-577 (2006), quoting Hanlon v. Rollins, 286 Mass. 444, 447 (1934). Considering both the legislative purposes underlying the statutes and the specific language chosen to effect those

purposes, we are persuaded that the judge correctly rejected Wing's claim that the more general right to discovery of a witness's criminal record trumps the statutorily protected privacy interests in sealed criminal records.

First, the language of the two statutes supports our view that sealed criminal records are beyond the reach of G. L. c. 218, § 26A, and the automatic discovery provisions of rule 14. As noted, G. L. c. 218, § 26A, and rule 14 are silent as to the application to sealed criminal records. Although not dispositive, silence is a factor relevant to the interpretation of the statute. "Where . . . a statute is 'simply silent' on a particular issue, we interpret the provision 'in the context of the over-all objective the Legislature sought to accomplish.'" Seller's Case, 452 Mass. 804, 810 (2008), quoting National Lumber Co. v. LeFrancois Constr. Corp., 430 Mass. 663, 667 (2000). Where, as explained above, the legislative objective of G. L. c. 218, § 26A, is to provide for more efficient discovery in criminal cases, we cannot say that disclosure of sealed criminal records is necessary to that purpose. We are especially reluctant to require disclosure of sealed criminal records where to do so would contravene the explicit protections granted to persons under G. L. c. 276, § 100A. Thus, Wing's argument that he is entitled to the sealed record based on the absence of a specific exclusion for sealed records is not

persuasive in light of the statutory scheme providing affirmative protection for such records.

Moreover, where statutes deal with the same subject, the more specific statute controls the more general one, so long as the Legislature did not draft the more general statute to provide comprehensive coverage of the subject area. Commonwealth v. Irene, 462 Mass. 600, 610, cert. denied, 133 S. Ct. 487 (2012); Grady v. Commissioner of Correction, 83 Mass. App. Ct. 126, 131-132 (2013). Here, G. L. c. 276, § 100A, offers specific guidelines limiting access to sealed records. In contrast, G. L. c. 218, § 26A, and rule 14 are general discovery provisions, and, as such, must yield to the more specific protections of the sealing statute.

Wing's argument as to the limits of G. L. c. 276, § 100A, also is unpersuasive. Wing urges us to narrowly construe the statute's prohibitive language, "nor shall such sealed records be admissible in evidence or used in any way in any court proceedings." He asserts that pretrial discovery is "access" not "use," and that § 100A only limits trial usage of sealed records after they are obtained. The difference is illusory. See Brittle v. Boston, 439 Mass. 580, 585 (2003) (declining to unduly constrict phrase "criminal proceedings" so as to exclude matters fairly within scope of criminal misconduct statute). As Wing concedes, he seeks the sealed record to "open up other

proper avenues for discovery" and to "raise a defense."  In the context of § 100A, the term "use" encompasses Wing's intended actions, and access is prohibited for that purpose.

Wing also reads the language, "nor shall such sealed records be admissible in evidence or used in any way in any court proceedings . . . except in imposing sentence in subsequent criminal proceedings," as limiting §100A to proceedings against the record holder (emphasis added).  G. L. c. 276, § 100A, fourth par.  There is no such limit in the statute.  By its plain language, § 100A allows sealed records to be utilized in sentencing proceedings, but also in proceedings where there is reasonable cause to believe that a sealed record may be relevant to an issue of child safety or violence against another.[6]  Nothing in the text of the statute specifies that such proceedings must be against the record holder.

Here, we also apply the rule that, where two statutes conflict, the later statute governs because the Legislature is presumed to be aware of existing statutes when it amends or

---

[6] Section 100A allows the use of a sealed record in sentencing proceedings and "in any proceedings under [G. L. c. 119, §§ 1-39I, G. L. c. 201, §§ 2-5, G. L. cc. 208, 209, 209A, 209B, 209C, or G. L. c. 210, §§ 1-11A], [in which] a party [has] reasonable cause to believe that information in a sealed criminal record of another party may be relevant to (1) an issue of custody or visitation of a child, (2) abuse, as defined in [G. L. c. 209A, § 1,] or (3) the safety of any person . . . ." G. L. c. 276, § 100A, fourth par.

enacts a new one.  See Commonwealth v. Russ R., 433 Mass. 515, 520 (2001).  In 2010, "the Legislature made changes to the sealing provisions by enabling earlier automatic sealing under G. L. c. 276, § 100A, and expanding discretionary sealing to a broader class of nonconvictions."  Pon, 469 Mass. at 305-306. As the most recently amended statute, G. L. c. 276, § 100A, is a renewed limitation on the mandatory discovery provision in G. L. c. 218, § 26A.[7]  Given the temporal relationship between the two statutes, we reject the proposition that a criminal defendant's right to automatic discovery, absent the implication of a constitutional right to a sealed criminal record, takes priority over the later-enacted sealing statute.

The balancing of the State's "compelling interest" in reintegrating former defendants into society promoted by G. L. c. 276, § 100A, against the defendant's interest in a more efficient and predictable discovery process as provided in G. L. c. 218, § 26A, and rule 14 yields the same outcome.  We are persuaded that the more compelling policy interest is the Legislature's concern that persons convicted of crimes have some opportunity to become productive members of their communities once they have paid their debt to society.  Thus, we adopt an

---

[7] Rule 14 of the Massachusetts Rules of Criminal Procedure was amended in 2012.  The amendment, however, did not change the provision for discovery of criminal records.  See 463 Mass. 1501 (2012).

interpretation of G. L. c. 218, § 26A, that accommodates the Legislature's intent to insure, except in limited circumstances, the privacy protections embodied in G. L. c. 276, § 100A. Because Wing's mechanistic application of the automatic discovery rule to all criminal records would frustrate the legislative intent, we decline to adopt it in this case.

Last, we reject Wing's urging to apply the rule of lenity in our analysis. The rule of lenity is simply inapplicable where, as here, the statute contains no ambiguity requiring that Wing be given the benefit of the ambiguity. See Commonwealth v. Roucoulet, 413 Mass. 647, 652 (1992) (rule of lenity applied only where statute is plausibly ambiguous).

c. Constitutional right to discovery of sealed records. We next address Wing's argument that he is entitled on constitutional grounds to discovery of the witness's sealed criminal record. Relying on Davis v. Alaska, 415 U.S. 308 (1974), and Commonwealth v. Elliot, 393 Mass. 824 (1985), Wing asserts that his constitutional right to confrontation requires access to sealed records for impeachment purposes. The probation department counters that a defendant's constitutional right to confrontation is not implicated where he seeks only to impeach the credibility of a witness based on a prior conviction. We agree.

The right of confrontation encompasses the impeachment of a witness with a record of convictions. This right, however, is limited to reasonable impeachment, subject to the court's discretion. See Commonwealth v. Paulding, 438 Mass. 1, 12 (2002). In Commonwealth v. Ferrara, 368 Mass. 182 (1975), we outlined the parameters of the right to impeachment based on a prior conviction, observing that "[w]e are aware of no constitutional principle which confers on a defendant in every case a right to impeach the credibility of a witness by proof of past convictions or past delinquencies." Id. at 186-187. See also Davis, 415 U.S. at 321 (same) (Stewart, J., concurring). Following Ferrara, supra, our cases consistently have held that the court may exercise its sound discretion in ruling on a defendant's right to impeachment by a record of prior convictions.[8] Wing, claiming only a right of impeachment based on the witness's sealed record of prior convictions, is subject to the limitation articulated in Ferrara, supra at 187 (juvenile records must show "rational tendency" to show bias of witness). In the absence of a showing that the judge abused her discretion

_____

[8] See, e.g., Commonwealth v. Harris, 443 Mass. 714, 726-727 (2005) (judicial discretion is prerequisite to use of prior convictions as impeachment evidence); Commonwealth v. Joyce, 382 Mass. 222, 224-226 (1981) (not all of complainant's prior prostitution charges admissible because only certain charges touched on possible motive to lie); Commonwealth v. Santos, 376 Mass. 920, 924 (1978) (witnesses' juvenile records not always admissible to impeach credibility).

in denying the right of access to the sealed record for impeachment on this basis, Wing's claim must fail.

It is true that we have recognized a defendant's entitlement "as a matter of right to reasonable cross examination for the purpose of showing bias or motive." Commonwealth v. Santos, 376 Mass. 920, 924 (1978). However, Wing has failed to demonstrate that he is entitled to disclosure of the witness's sealed criminal record for this purpose. Wing has failed to establish a nexus between the witness's sealed criminal record and its potential to reveal bias or a motive to prevaricate. See Ferrara, 368 Mass. at 186-187. At most, he suggests that his suspicion about "the large number of aliases" in the unsealed criminal record prompted the request for the sealed entries. Wing's only recourse, therefore, is to address the witness's credibility in accordance with the impeachment restrictions of G. L. c. 233, § 21.

Nor are we persuaded by Wing's arguments that he is entitled to access the sealed criminal record for other constitutional purposes. Wing claims that he is hindered in his ability to mount a defense based on bias by the lack of access to the sealed record. In Santos, we rejected this argument as a basis for disclosure, noting that a defendant must "be expected to make some explanation as to how he expects to show bias."

Santos, 376 Mass. at 926 n.7, quoting Commonwealth v. Cheek, 374 Mass. 613, 615 (1978).

Wing's complaint that denial of the sealed record deprives him of information that could potentially help him access the witness's out-of-State records is likewise without merit. Wing's reliance on Commonwealth v. Corradino, 368 Mass. 411, 422 (1975), which permits a defendant to obtain out-of-State records "when known facts suggest that a witness has a record elsewhere," is misplaced. He suggests that the witness's out-of-State record contains information that will assist him in establishing bias. The potential existence of an out-of-State record is insufficient for this purpose. Id. at 422-423. A person must attest to not having convictions in other States in order to seal a record in Massachusetts. See G. L. c. 276, § 100A, first par. Contrary to Wing's assertions, a sealed record evinces the lack of an out-of-State criminal record.

Last, Wing argues, for the first time in this appeal, that he has a constitutional right to present the first aggressor theory of self-defense and to access the witness's sealed record for this purpose. See Commonwealth v. Adjutant, 443 Mass. 649, 659-660 (2005). The argument has no merit. As a threshold matter, Wing makes no attempt to show that Adjutant applies to the property crime of malicious destruction of property over $250 charged in the complaint. See Commonwealth v. Haddock, 46

Mass. App. Ct. 246, 248-249 (1999) (defense of property, unlike self-defense, is limited to nondeadly force appropriate in kind and degree to nature of trespass).  Further, even if the Adjutant principle is applied to the facts of this case, Wing has failed to establish a factual basis for the defense. Commonwealth v. Barbosa, 463 Mass. 116, 136 (2012) (self-defense applicable only where defendant utilized appropriate means to avoid physical contact).  Nothing in the record before us demonstrates that Wing is plausibly able to assert that the identity of the first aggressor is in dispute and that the victim has a history of violence.  See Adjutant, supra, at 650.

Conclusion.  For the reasons stated above, the judge did not abuse her discretion in denying Wing's motion to compel production of the witness's sealed criminal record.  Based on our interpretation of the language of the relevant statutes and the Legislature's intent in prioritizing the policy interests promoted by the sealing statute, the mandatory discovery provisions of G. L. c. 218, § 26A, and Mass. R. Crim. P. 14 (a) (1) (D) do not apply to a criminal record sealed under G. L. c. 276, § 100A.  Because Wing failed to establish a constitutional basis for access to the witness's sealed criminal record, we decline to require its disclosure.  The order denying Wing's motion to compel production is affirmed.

So ordered.