NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

18-P-464                                          Appeals Court


J. WHITFIELD LARRABEE  vs.  MASSACHUSETTS COMMISSION AGAINST
                        DISCRIMINATION.


No. 18-P-464.

Suffolk.     March 8, 2019. - November 19, 2019.

Present:  Hanlon, Agnes, & Sullivan, JJ.


Massachusetts Commission Against Discrimination.  Public
     Records.  Privacy.  Statute, Construction.  Regulation.
     Contract, Construction of contract.  Practice, Civil,
     Summary judgment, Injunctive relief, Attorney's fees.



     Civil action commenced in the Superior Court Department on
September 10, 2015.

     The case was heard by Rosemary Connolly, J., on motions for
summary judgment.


     J. Whitfield Larrabee, pro se.
     Daniel J. Hammond, Assistant Attorney General, for the
defendant.
     The following submitted briefs for amici curiae:
     Susan Forward for United States Department of Housing and
Urban Development.
     Kevin J. Berry for United States Equal Employment
Opportunity Commission.
     Jonathan M. Albano & Emma Diamond Hall for Boston Globe
Media Partners, LLC.

SULLIVAN, J.  The plaintiff, J. Whitfield Larrabee, appeals from a judgment entered in the Superior Court affirming the Massachusetts Commission Against Discrimination's (MCAD's or commission's) decision to deny, in part, Larrabee's public records request.  See G. L. c. 66, §§ 10, 10A;[1] G. L. c. 4, § 7, Twenty-sixth.  On the parties' cross motions for summary judgment, a judge of the Superior Court ruled that the MCAD was not required to continue to provide Larrabee with copies of charges in open cases under investigation or spreadsheets summarizing charge data, based on a newly adopted commission policy.  Because the MCAD's recently adopted policy regarding the disclosure of charges in open cases conflicts with its own regulations, we conclude that the commission is obligated to produce the documents requested.[2]

---

[1] Statute 2016, c. 121, § 10, effective January 1, 2017, amended G. L. c. 66, § 10, and added G. L. c. 66, § 10A. Although the requests in question were made in 2015 and 2016, the Supreme Judicial Court has expressed a preference for application of the current version of the statutory provisions where feasible.  See Boston Globe Media Partners, LLC v. Department of Pub. Health, 482 Mass. 427, 432 n.5 (2019).  We do not discern a difference in the amended statute that would be material to our analysis in this case, with the exception of the award of attorney's fees, see infra at    .  See St. 2016, c. 121, § 18 (specifying that §§ 9 and 10 of act are inapplicable to public record requests submitted prior to its effective date).

[2] We acknowledge receipt of the amicus brief of Boston Globe Media Partners, LLC, and the amici letters of the regional offices of the United States Equal Employment Opportunity Commission and the United States Department of Housing and Urban

Background.  We summarize the evidence in the light most favorable to Larrabee.  See Boston Globe Media Partners, LLC v. Department of Pub. Health, 482 Mass. 427, 431 (2019); Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).  Since 1999, discrimination complaints and case data have been provided by the MCAD in response to public records requests without regard to whether the investigation of those charges was open or closed.  Larrabee, an attorney who represents employees and tenants in discrimination matters, has for many years requested from the MCAD copies of MCAD complaints and spreadsheets compiled by the MCAD with charge data derived from its case management database.  He uses this information to contact potential clients, identify witnesses, and identify patterns of discrimination.  Larrabee also stated that he monitors "the fairness, efficiency, and performance of the agency."

Amicus curiae Boston Globe Media Partners, LLC (Globe), has made information requests to the MCAD and has published articles on the prevalence of complaints at public agencies and trends in discrimination complaints against both public and private employers.  Although the requests for data were honored in the

---

Development, discussing cognate provisions of Federal law.
Because the parties have not briefed or argued Federal law, we
do not address it on appeal.  See Mass. R. A. P. 16 (a) (9), as
appearing in 481 Mass. 1629 (2019).  Cf. G. L. c. 66, § 10A.

past, the MCAD no longer provides the Globe with data compilations regarding cases currently under investigation.

Until December 2006, the MCAD provided Larrabee with copies of complaints and spreadsheets it had generated containing data, including the names and addresses of both complainants and respondents, taken from both open and closed investigations. In 2007, however, the MCAD declined to provide Larrabee with the spreadsheet data. Instead, it gave Larrabee paper copies of complaints in both open and completed investigations. Larrabee filed a complaint in the Superior Court.[3] That case was settled in 2009 by agreement of the parties (2009 agreement). The MCAD agreed to provide Larrabee with the usual spreadsheet data "for the most recent three year period." From 2009 through 2014 the MCAD provided Larrabee with the complaints and spreadsheet data pertinent to both open and completed investigations in response to his public records requests.

In 2015, Larrabee filed a public records request, as he had in previous years. The MCAD responded that it had changed its internal policy regarding disclosure of complaints and aggregate data regarding complaints. Going forward, the MCAD would disclose complaints pursuant to a public records request only in closed investigations -- for example, matters that the MCAD had

---

[3] See G. L. c. 66, § 10, as then in effect. See also G. L. c. 66, § 10A, and note 1, supra.

dismissed administratively, found to be unsupported, or certified to public hearing, or those that had been withdrawn to State or Federal court. See G. L. c. 151B, §§ 5, 9; 804 Code Mass. Regs. §§ 1.15, 1.20 (1999). The MCAD would no longer provide any information pertaining to open investigations -- that is, those complaints in which an investigation was ongoing. The MCAD also produced a compact disc with data from its case management database regarding closed investigations. Larrabee sent at least two more public records requests to the MCAD in 2015, and one in 2016, but he received the same response.

Also in 2015, the Globe made information requests for pending complaint data, which the MCAD denied. The Globe appealed to the Office of the Secretary of the Commonwealth, which sustained the MCAD's denial of the public records request. The commission relied on this decision in the ensuing litigation.

In 2015, Larrabee filed the underlying complaint in the Superior Court alleging breach of contract and violation of the Massachusetts public records law, and seeking injunctive relief, enforcement of civil and common-law rights, damages, and attorney's fees and costs.

On the parties' cross motions for summary judgment, the judge found that G. L. c. 4, § 7, Twenty-sixth (f), authorized the MCAD to shield from public disclosure complaints and

aggregate data about complaints in open investigations. The judge concluded that although the MCAD's 2015 change of policy was unexplained and contrary to its previous practice, the new policy exempting materials pertaining to open investigations from disclosure served the "public interest."[4]

Discussion. "We review a grant of summary judgment de novo . . . to determine whether . . . all material facts have been established and the moving party is entitled to judgment as a matter of law" (quotations and citations omitted). Boston Globe Media Partners, LLC, 482 Mass. at 431. "[W]e review the record in the light most favorable to the party against whom the judge allowed summary judgment, here [Larrabee]." Khalsa v. Sovereign Bank, N.A., 88 Mass. App. Ct. 824, 830 (2016), quoting Marhefka v. Zoning Bd. of Appeals of Sutton, 79 Mass. App. Ct. 515, 516 (2011). "Any doubts as to the existence of a genuine issue of material fact are to be resolved against the party moving for

---

[4] General Laws c. 4, § 7, Twenty-sixth (f), exempts from the definition of "public records" certain "investigatory materials necessarily compiled out of the public view by law enforcement or other investigatory officials the disclosure of which materials would probably so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest." The motion judge assumed that the MCAD was a law enforcement agency and that the materials were assembled out of the public view. These rulings are contested on appeal. For the reasons discussed below, we do not find it necessary to reach them.

summary judgment."  Khalsa, supra, quoting Milliken & Co. v.

Duro Textiles, LLC, 451 Mass. 547, 550 n.6 (2008).

    1.  Statutory exemption.  As to questions of law, in public

records cases "the statutory exemptions [from the definition of

public records] must be strictly and narrowly construed,"

Boston Globe Media Partners, LLC, 482 Mass. at 432, quoting

Globe Newspaper Co. v. District Attorney for the Middle Dist.,

439 Mass. 374, 380 (2003), and "a presumption shall exist that

each record sought is public."  G. L. c. 66, § 10A (d) (1) (iv).

Although G. L. c. 4, § 7, Twenty-sixth (a), permits an agency to

withhold any records "specifically or by necessary implication

exempted from disclosure by statute," there is no provision in

G. L. c. 151B, the Massachusetts antidiscrimination statute,

regarding the disclosure of complaints or case data.[5]  The MCAD

submits otherwise, claiming that G. L. c. 151B, § 5, which

permits an investigating commissioner of the MCAD to hold a

conciliation conference after a probable cause finding in any

case which the complainant elects to have their case heard at

the MCAD (rather than in court) shields all complaints and

investigatory documents (in all cases) from public disclosure.

---

[5] General Laws c. 151B is a comprehensive statute that bars
discrimination in housing, employment, education and public
accommodation.  The statute also sets forth the general
procedures for filing and investigating complaints, and filing
suit.

The commission raised a similar argument to the supervisor of

public records of the Office of the Secretary of the

Commonwealth in the Globe matter.  The supervisor of public

records accepted the commission's rationale and pointed to G. L.

c. 151B, § 5, second par., as a statutory exemption to

disclosure in its own publication.  See Secretary of the

Commonwealth, Division of Public Records, A Guide to the

Massachusetts Public Records Law 75 (updated Jan. 2017)

http://www.sec.state.ma.us/pre/prepdf/guide.pdf.  The motion

judge rejected this argument, as do we.

The conciliation provision of G. L. c. 151B, § 5, second

par., states in pertinent part:

> "If such commissioner shall determine after such
> investigation or preliminary hearing that probable cause
> exists for crediting the allegations of any complaint and
> no complainant or respondent has elected judicial
> determination of the matter, he shall immediately endeavor
> to eliminate the unlawful practice complained of or the
> violation of said clause (e) of said section thirty-two [of
> G. L. c. 121B] or said sections ninety-two A, ninety-eight
> and ninety-eight A [of G. L. c. 272] by conference,
> conciliation and persuasion.  The members of the commission
> and its staff shall not disclose what has occurred in the
> course of such endeavors, provided that the commission may
> publish the facts in the case of any complaint which has
> been dismissed, and the terms of conciliation when the
> complaint has been so disposed of."  (Emphasis added.)

Section 5 also provides that "the aforesaid endeavors at

conciliation shall not be received in evidence" in any

subsequent commission hearing.

While the MCAD maintains that the term "endeavor" applies to all "pre-adjudicatory process" before it, including all complaints and investigations, we construe a statute according to its plain meaning.  See Worcester v. College Hill Props., LLC, 465 Mass. 134, 139 (2013).  Quite plainly, the term "endeavor" applies solely to "endeavors at conciliation," as the statute explicitly states.  See Casseus v. Eastern Bus Co., 478 Mass. 786, 795 (2018) ("When the meaning of any particular section or clause of a statute is questioned, it is proper, no doubt, to look into the other parts of the statute:  otherwise the different sections of the same statute might be so construed as to be repugnant, and the intention of the [L]egislature might be defeated. . . .  Accordingly, [w]e . . . do not read statutory language in isolation . . . but, instead, examine the [particular language at issue] in the context of the . . . statute in its entirety" [quotations omitted]).

Moreover, where possible, we construe statutes together to effectuate a harmonious whole.  See Wing v. Commissioner of Probation, 473 Mass. 368, 373 (2015); College Hill Props., LLC, 465 Mass. at 139.  The construction urged by the commission conflicts with the public records law's requirement that custodians "shall" produce a copy of the public record "or any segregable portion of a public record."  G. L. c. 66, § 10 (a).  The conciliation provisions of G. L. c. 151B, § 5, second par.,

do not apply to cases that are investigated but are found to lack probable cause, are removed to State or Federal court, or are mediated, settled, withdrawn, or dismissed by the parties outside of the conciliation process.  Even under the MCAD's reading of § 5, which we reject, its construction of the statute applies only to a subset of cases.  A blanket policy covering all cases cannot be so derived.  See Worcester Tel. & Gazette Corp. v. Chief of Police of Worcester, 436 Mass 378, 384 (2002) ("There must be specific proof elicited that the documents sought are of a type for which an exemption has been provided" [citation omitted]); Reinstein v. Police Comm'r of Boston, 378 Mass. 281, 290 (1979) ("That some exempt material may be found in a document or report of an investigatory character does not justify cloture as to all of it").

2.  Investigatory exemption.  Alternatively, the MCAD maintains that its policy falls within the parameters of G. L. c. 4, § 7, Twenty-sixth (f), the investigatory materials exemption to public disclosure.  Pursuant to § 7, Twenty-sixth (f), the MCAD promulgated regulations that became effective in 1999 regarding disclosure of case information and investigatory materials to the parties and the general public and has provided data in both open and closed investigations pursuant to that

regulation since its inception until the events giving rise to this case. See 804 Code Mass. Regs. § 1.04 (1999).[6]

_____

[6] Title 804 Code Mass. Regs. § 1.04 (1999) provides:

"(1) Request for Review. Except as otherwise provided in this Regulation, the record in every charge pending before the Commission shall be confidential and exempt from M.G.L. c. 66 and 66A pursuant to M.G.L. c. 4, § 7 (26) (f). The parties to such a charge shall be allowed access to the record upon making suitable arrangements at any time after investigative disposition pursuant to 804 [Code Mass. Regs. §] 1.15.

"(2) Hearing Records. The official record in every complaint heard by the Commission, as defined in 804 [Code Mass. Regs. §] 1.21(9), except such evidence as is placed under protective order by the Commission or processed as a pseudonym complaint pursuant to 804 [Code Mass. Regs. §] 1.10(5)(d), shall be available for public inspection upon making appropriate arrangements with the Clerk of the Commission, at any time after Certification to Public Hearing. The parties shall have access to the entire official record, unless otherwise ordered.

"(3) Privileged Information. Information protected by the attorney-work product doctrine, attorney-client privilege, and deliberative process privilege, as well as any other information exempt from the definition of public information at M.G.L. c. 4, § 7 (26) shall not be released by the Commission pursuant to 804 [Code Mass. Regs. §] 1.00.

"(4) Public Information. Except as may be placed under protective order by the Commission or processed as a pseudonym complaint pursuant to 804 [Code Mass. Regs. §] 1.10(5)(d), the charge of complainant and the investigative determination pursuant to 804 [Code Mass. Regs. §] 1.15 in any matter shall be available for public inspection upon making appropriate arrangements with the Commission."

(Emphasis added.)

The parties have advanced myriad (and competing) arguments regarding the applicability (or lack thereof) of the investigatory exemption and the public interest in disclosure or nondisclosure of complaints in pending cases. We pass on these arguments because regardless of the applicability of the exemption, or the merits of the policy arguments,[7] the current regulation squarely governs, and it requires the production of the requested information. See 804 Code Mass. Regs. § 1.04(4) (1999). We set forth some background to provide context.

There are multiple levels of disclosure of charge information. With respect to parties, when the commission authorizes a formal investigation of a complaint, see 804 Code Mass. Regs. § 1.13(1) (1999), a copy of the charge is

---

[7] The policy arguments propounded by the parties contain factual disputes that would require fact finding regarding the balancing of the public interest in disclosure, thus barring summary judgment for the MCAD on this basis. See Boston Globe Media Partners, LLC, 482 Mass. at 448. For example, the MCAD's acting chief of enforcement and deputy general counsel submitted an affidavit stating his opinion that complainants may be discouraged from filing or pursuing claims unless the charges remain confidential until the investigation closes, and that respondents may also be subject to harassment or harm to reputation. Larrabee served interrogatories requesting examples or instances where this had occurred, but the MCAD was unable to produce any. Similarly, the MCAD expressed concern regarding retaliation against complainants or witnesses if the charge data were produced. However, the complaint is served on the respondent at the outset of the investigation, and witness statements remain confidential until such time as the investigation is completed and the case is certified to public hearing.

immediately served on the respondent. See 804 Code Mass. Regs. § 1.10(7) (1999).[8] In addition, the parties are entitled to the entire case record "at any time after investigative disposition pursuant to 804 [Code Mass. Regs. §] 1.15." 804 Code Mass. Regs. § 1.04(1) (1999).

Separate rules apply to the disclosure of complaints and case records to members of the general public, and these regulations are dispositive in this case. The "charge of complainant and the investigative determination pursuant to 804 [Code Mass. Regs. §] 1.15 in any matter shall be available for public inspection." 804 Code Mass. Regs. § 1.04(4) (1999). The public also may have access to the entire official record after certification to public hearing. See 804 Code Mass. Regs. § 1.04(2) (1999). Public disclosure (of the complaint, the investigatory determination, and the case record) is subject to further limitation if there is an outstanding protective order, or the case has been processed with a pseudonym complaint. See 804 Code Mass. Regs. § 1.04(2)-(4) (1999).

A duly adopted regulation has the force of law, and we construe it as we would a statute. See Biogen IDEC MA, Inc. v.

---

[8] The MCAD may dismiss without investigation a case for reasons set forth in 804 Code Mass. Regs. § 1.13(1)(a) (1999), such as timeliness, standing, lack of jurisdiction, or the failure of the charge to state a claim, when further investigation would not serve the public interest.

Treasurer & Receiver Gen., 454 Mass. 174, 190 (2009).  The regulation requires disclosure of charge data and investigative determination in "any matter" (emphasis added).  804 Code Mass. Regs. § 1.04(4) (1999).  The term "any matter" also appears in G. L. c. 151B, § 3 (7), which grants the commission broad powers in "any matter under investigation or in question before the commission."  See Massachusetts Comm'n Against Discrimination v. Liberty Mut. Ins. Co., 371 Mass. 186, 191-192 (1976) (term "any matter" applied to commission's subpoena powers at both pre-probable cause [i.e., investigatory] stage and the post-probable cause stage of its proceedings).  A more restrictive reading of § 3 (7) would "essentially ignore[] the words . . . relating to matters under investigation."  State Ethics Comm'n v. Doe, 417 Mass. 522, 531 (1994) (Lynch, J., concurring).  We may assume that the MCAD was aware of this construction of its own statute when it used the term "any matter" in drafting the 1999 regulation.  Cf. College Hill Props., LLC, 465 Mass. at 139 ("The Legislature must be assumed to know the preexisting law and decisions of this court" [citation omitted]); 804 Code Mass. Regs. § 1.04(4) (1999).

Further, the word "any" in the regulation "mean[s] precisely that."  Sciaba Constr. Corp. v. Frank Bean, Inc., 43 Mass. App. Ct. 66, 69 (1997).  A broad construction also comports with the statutory presumption favoring disclosure

under the public records law, thus reading the regulation and the statute in harmony.  See G. L. c. 66, § 10A (d) (iv); Wing, 473 Mass. at 373.  The term "any matter" therefore applies, as a matter of law, to the charge information and dispositions for both pending and closed investigations.

A regulation controls over policy statements or guidelines that conflict with the regulation.  See Warcewicz v. Department of Envtl. Protection, 410 Mass. 548, 550 (1991) ("courts will not hesitate to overrule agency interpretations when those interpretations are . . . inconsistent with the plain terms of the regulation itself"); Northbridge v. Natick, 394 Mass. 70, 76 (1985) ("An agency must follow its own regulations even in the face of inconsistent internal guidelines").  The MCAD argues that disclosure of some charges would result in the disclosure of details of a highly personal nature in violation of privacy protections provided in G. L. c. 4, § 7, Twenty-sixth (c).  This argument proves too much, as the current policy permits the disclosure of such information, just at a later date.  Rather, we note that the current regulation anticipates the protection of the privacy interest protected under § 7, Twenty-sixth (c), by means of pseudonym complaints and protective orders, both of which give the commission significant statutory tools to protect

privacy interests.[9]  See 804 Code Mass. Regs. § 1.04(2), (4) (1999).

If the MCAD wishes to consider recalibrating its policy regarding public disclosure, it must follow the amendment process.  "An agency is bound by the regulations it promulgates and may not attempt to circumvent the amendment process through changes in interpretation unsupported by the language of the regulation.  Cf. United States v. Nixon, 418 U.S. 683, 695-696, . . . (1974) (regulation giving Special Prosecutor power to contest invocation of executive privilege binding until amended or revoked)."  Fluor Constructors, Inc. v. Occupational Safety & Health Review Comm'n, 861 F.2d 936, 939-940 (6th Cir. 1988).  This process has the intended benefit of requiring public airing of the very complex and important questions of personal privacy, public interest, public access, and statutory mandate presented here.

3.  Breach of contract.  Larrabee maintains that the 2009 agreement was a binding contract between the parties that obligated the commission to provide him with requested data indefinitely, there being no provision for its expiration.  He

_____

[9] In any event, the MCAD cannot impose a ban on all disclosure because of concerns about a discrete subset of cases.  See Worcester Tel. & Gazette Corp., 436 Mass. at 383; Reinstein, 378 Mass. at 290.

claims a loss of income as a result, and provided some evidence of damages on summary judgment.

"We review a court's 'interpretation of the meaning of a term in a contract,' a question of law, de novo." Balles v. Babcock Power Inc., 476 Mass. 565, 571 (2017), quoting EventMonitor, Inc. v. Leness, 473 Mass. 540, 549 (2016). The 2009 agreement provided that the MCAD would provide data to Larrabee, upon request, for the "most recent three year period." The information would be provided without charge for the first two requests, but "[t]hereafter" the commission would be permitted to assess the customary charges pursuant to 804 Code Mass. Regs. § 12.04 (2004). On the slender thread of the word "thereafter," Larrabee asserts an unambiguous right to records for the indefinite future.

When contract language is unambiguous, it must be construed according to its plain meaning. Balles, 476 Mass. at 571-572. The language here is ambiguous in several respects, but we can conceive of no construction of the 2009 agreement which would permit us to conclude that the MCAD agreed to bind itself to producing records to Larrabee in perpetuity, even if the commission changed its policy regarding disclosure of records to all other requestors. The commission's efforts to revise its policy may have been found wanting here, but that does not mean that the commission also breached a contract with Larrabee. The

judge did not err in denying relief under count 2 of the complaint.

4. Attorney's fees. Larrabee has requested appellate attorney's fees pursuant to G. L. c. 66, § 10A, which was added to c. 66 by St. 2016, c. 121, § 10. While the Supreme Judicial Court has expressed a preference for application of the amended statute where feasible, see note 1, supra, the Legislature has directed that "[n]otwithstanding any general or special law to the contrary, sections 9 and 10 of this act shall not apply to public records requests submitted under section 10 of chapter 66 of the General Laws before the effective date of this act and no obligation imposed by sections 9 and 10 of this act shall be enforceable or deemed relevant in an appeal pending before the supervisor of records or a court on the effective date of this act." St. 2016, c. 121, § 18.

At the time Larrabee made the requests for records in 2015 and 2016, the statutory provision applicable to the request, G. L. c. 66, § 10, as amended through St. 2010, c. 256, §§ 58, 59, did not provide for the award of fees. "As a general rule in Massachusetts, a litigant must bear his own expenses including attorney's fees, except where a statute permits the award of costs, a valid contract [or] stipulation provides for costs, or rules concerning damages permit[] recovery." Ventresca v. Town Manager of Billerica, 68 Mass. App. Ct. 62,

66 n.12 (2007), quoting <u>Judge Rotenberg Educ. Ctr., Inc</u>. v. <u>Commissioner of the Dep't of Mental Retardation (No. 1)</u>, 424 Mass. 430, 468 (1997). Because Larrabee was not entitled to fees at the time he made the requests, he may not seek an award of fees under the 2017 amendments to G. L. c. 66, § 10A. See St. 2016, c. 121, § 18.

<u>Conclusion</u>. For the foregoing reasons, the judgment is vacated. Because the meaning of the governing regulation presents a question of law, Larrabee is entitled to judgment on count 1 of the first amended complaint.[10] The matter is remanded for further proceedings consistent with this opinion.[11]

---

[10] Larrabee did not contest the denial of his claim for attorney's fees under count 3 on appeal, and any challenge to the judge's ruling on that matter is therefore waived. See Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1629 (2019). In view of our disposition, we need not reach Larrabee's alternative claims presented in count 4 of the first amended complaint, that the records requested are quasi-judicial records that must be produced as a matter of common law, the First Amendment, and G. L. c. 6, § 172 (<u>m</u>). Larrabee also contends that the current policy violates the public records act. Because our decision obviates the existence of a controversy, we decline to reach these questions. See <u>Gay & Lesbian Advocates & Defenders</u> v. <u>Attorney Gen</u>., 436 Mass. 132, 135 (2002) (disapproving of advisory opinions).

[11] At oral argument the parties agreed that the operative dispute in the case was the legal question concerning the MCAD's nondisclosure of charge data while investigations were pending, and that the form in which data was produced was not at issue on appeal. See 950 Code Mass. Regs. § 32.07(1)(c), (d) (2017) (provision of records in electronic form). See also G. L. c. 66, § 6A (<u>d</u>); 950 Code Mass. Regs. § 32.07(1)(f) (2017) (provision of records in segregable form is not creation of new record). Any issues regarding the form of the data produced

So ordered.

---

that may arise may be addressed by the parties and the judge on remand.